**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| MICHAEL R. FREMIN | CIVIL ACTION NO. 17-1670-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DET. SHANE TUTTLE, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is the Report and Recommendation of the Magistrate Judge (Record Document 45) regarding the Motion for Summary Judgment (Record Document 33) filed by Defendants Detective Shane Tuttle ("Tuttle"), Detective Jeffrey Humphrey ("Humphrey"), and five to eight other unknown individuals (collectively "Defendants"). This Court has thoroughly reviewed the record in this matter, including the written objections filed by the parties. See Record Documents 46 and 47. The Court concurs with the findings of the Magistrate Judge as to all claims, except for Plaintiff's bystander liability claim against Defendant Humphrey. For the reasons set forth below, Defendants' Motion is hereby **GRANTED**.

The Report and Recommendation recommended that Defendants' Motion for Summary Judgment be: (1) granted as to Plaintiff's claims against Defendant Tuttle, in their entirety; (2) granted as to Plaintiff's claims against Defendant Humphrey for excessive force and for false charges; (3) denied as redundant and unavailable as to the already dismissed unknown individuals; and (4) denied as to Plaintiff's bystander liability claim against Defendant Humphrey. See Record Document 45 at 14–15. Defendants' objection to the Report and Recommendation only pertains to the denial of summary

judgment as to Plaintiff's bystander liability claim against Defendant Humphrey. See Record Document 47 at 1.

Defendants' objection primarily argues that the Report and Recommendation erred in denying summary judgment as to Plaintiff's bystander liability claim for the following reasons: (1) Plaintiff did not specifically plead a bystander liability claim against Defendant Humphrey in either his Complaint or Amended Complaint; (2) Plaintiff failed to prove or allege facts showing that an excessive use of force was committed by any police officer, thereby negating any bystander liability claim; and (3) that even if Plaintiff adequately pleaded a bystander liability claim against Defendant Humphrey, nothing in the record supports the denial of summary judgment as to that claim. See id.

An officer may be held liable under Section 1983 for bystander liability, or a failure to intervene, where the officer "(1) knows that a fellow officer is violating [the plaintiff's] constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Whitley v. Hanna, 726 F.3d 631, 646 (5th Cir. 2013) (emphasis added). In addition, while courts have sometimes held an officer liable for a failure to intervene in cases where the identity of the officer who actually committed the violation is unknown, a plaintiff is still required to show that such individuals are in fact police officers. See, e.g., Kitchen v. Dallas Cty., 759 F.3d 468, 481 (5th Cir. 2014) (concluding that "bystander liability may attach regardless of whether the directly responsible officer can be specifically identified") (emphasis added), abrogated on other grounds by Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015).

In this case, the Court finds that the Report and Recommendation erred in denying summary judgment as to Plaintiff's bystander liability claim against Defendant Humphrey.

In Plaintiff's deposition testimony, Plaintiff clearly identifies Defendants Humphrey and Tuttle as police officers in his version of the relevant facts, including his description of their alleged excessive force used against him. See Record Document 33-3 at 3. However, when describing the alleged assault by the unknown individuals, Plaintiff only referred to his attackers as a group of "plain-clothed men." Id. at 7. Furthermore, there is nothing contained in Plaintiff's testimony or other evidence in the record showing that Defendant Humphrey not only "had a reasonable opportunity to realize the excessive nature of the force and [] intervene to stop it," but also chose not to act. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995). Therefore, Plaintiff has failed to provide evidence sufficient to create a genuine dispute of material fact as to his bystander liability claim against Defendant Humphrey.

Accordingly, based on the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Record Document 33) is **GRANTED** and all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of September, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT